UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RODE E. MONTIJO, d.b.a. EL CAMINO TIRES,<br><br>　　　　Defendant. | No.  2:12-cv-2057 MCE AC<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Pending before the court is plaintiff's June 20, 2013 motion for default judgment against defendant Rode E. Montijo, doing business as El Camino Tires, located at 48 E. Charter Way[1] and 2498 E. Main St., Stockton, California.  ECF No. 18.  The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated.  E.D. Cal. R. 78-230(g).  Upon review of the docket, the motion for default judgment and all attached exhibits, THE COURT FINDS AS FOLLOWS:

PROCEDURAL BACKGROUND

Plaintiff initiated this action on August 6, 2012 alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the California Unruh Civil Rights

---

[1] In his motion for default judgment, plaintiff identifies this location as 48 E. Charter Way / Dr. Martin Luther King, Jr. Blvd, Stockton, California.  See Mot. for Default J. ¶ 3.

1

1  Act.  A certificate of service filed September 14, 2012 demonstrates that the summons and
2  complaint were served on this defendant on September 4, 2012 by delivering a copy to Ivan
3  Montijo, a "person in charge" at 340 N. Wilson Way, Stockton, CA 95205[2].  ECF No. 5.  Plaintiff
4  also mailed to defendant Montijo by first class mail copies of these documents on September 4,
5  2012.  Id.

6  On June 5, 2013, an amended proof of service of summons was filed by plaintiff reflecting
7  a correction to the spelling of defendant Montijo's name.  ECF No. 17.  This amended proof
8  demonstrates that Montijo was re-served on December 17, 2012 on Mike Montijo, a "person in
9  charge" at 48 E. Dr. Martin Luther King Jr. Blvd, Stockton, CA 95210[3], and that copies of the
10 documents were then mailed by first class mail on December 17, 2012.  See id.

11 On November 6, 2012, pursuant to plaintiff's request, the Clerk of Court entered the
12 default of defendant Montijo.  On June 20, 2013, plaintiff filed a motion for default judgment,
13 and served a copy of the motion by mail on the defendant at 48 E. Dr. Martin Luther King Jr.
14 Blvd, Stockton, CA 95206.  ECF No. 18.  Although the complaint identifies two locations for El
15 Camino Tires, the motion for default judgment is directed only to the location at 48 E. Charter
16 Way / Dr. Martin Luther King, Jr. Blvd.  See Mot. for Default J. ¶ 3.

17                                                    DISCUSSION
18 It is within the sound discretion of the district court to grant or deny an application for
19 default judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this
20 determination, the court considers the following factors:

21  > (1) the possibility of prejudice to the plaintiff, (2) the merits of
22  > plaintiff's substantive claim, (3) the sufficiency of the complaint,
23  > (4) the sum of money at stake in the action, (5) the possibility of a
24  > dispute concerning the material facts, (6) whether the default was
25  > due to excusable neglect, and (7) the strong policy underlying the
26  > Federal Rules of Civil Procedure favoring decisions on the merits.

25 Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

---

[2] This address is listed as the mailing address for defendant business.  See Compl. Ex. B, ECF No. 1-2 at 2-3.
[3] This address is listed as the business address for defendant business.  See Compl. Ex. B, ECF No. 1-2 at 2-3.

standard, default judgments are more often granted than denied." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

A.   The Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable ." Id. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn

1   Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).[4]

2   　　　Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendant Montijo's
3   business is a place of public accommodation, id. ¶ 2; (3) that plaintiff was denied access to
4   defendant's business because of plaintiff's disability, id. ¶ 4; and (4) that defendant's business has
5   a number of architectural barriers (lack of correct number and type of properly configured
6   disabled parking space(s) including a van accessible disabled parking space, accessible route,
7   accessible entrance, accessibility restrooms, accessible entrance), id.  Additionally, plaintiff
8   alleges that these architectural barriers are readily removable. Id. ¶ 4.  His complaint also
9   specifically states that he seeks injunctive relief "to remove all barriers to access which are
10  readily achievable . . . ." Id. ¶ 4.  Therefore, the injunction would only require defendant to
11  remove the architectural barriers if it is readily achievable to do so.  Moreover, 28 C.F.R. §
12  36.304(b) specifically lists "[c]reating designated accessible parking spaces" and "[w]idening
13  doors" as examples of typical "steps to remove barriers."

14  　　　Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has
15  made out a prima facie Title III discrimination claim.  Additionally, the court finds that the
16  majority of the Eitel factors weigh in favor of granting default judgment to plaintiff on that claim.
17  Therefore, the court recommends that plaintiff be granted default judgment against defendant on
18  his ADA claim and award plaintiff an injunction requiring defendant to provide the correct
19  number and type of properly configured disabled parking space(s) including a van accessible
20  disabled parking space, an accessible entrance landing, an accessible entrance, accessible
21  restrooms, and an accessible cashier / service counter in accordance with the Americans with

---

[4] Some courts have held that once plaintiff satisfies an initial burden of production regarding ready achievability, the burden shifts to the defendant to establish as an affirmative defense that barrier removal is not readily achievable. See e.g., Colo. Cross Disability Coalition v. Hermanson Family, Ltd., 264 F.3d 999, 1006 (10th Cir. 2001).  At least in the context of buildings protected as historic, the Ninth Circuit places the entire burden squarely on the defendant. Molski v. Foley Estates Vineyard and Winery, LLC, 531 F.3d 1043, 1048 (9th Cir. 2008).  Allocation of the burden of proof does not affect disposition of the instant motion, however.  Because plaintiff's allegations of readily achievable barrier removal are taken as true on a motion for default judgment, and because defendant has entirely failed to appear or defend, the court need not determine which party would bear the burden of proof regarding ready achievability on summary judgment or at trial.

Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36.  See 42 U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

B.     Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).  To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) defendant denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; (2) a motivating reason for defendant's conduct was plaintiff's disability, (3) plaintiff was harmed; and (4) defendant's wrongful conduct was a substantial factor in causing plaintiff's injury.  California Civil Jury Instructions (CACI), No. 3020.  A plaintiff who establishes a violation of the ADA need not prove intentional discrimination under the Unruh Act.  See Munson v. Del Taco, Inc., 46 Cal. 4th 661 (Cal. 2009) (interpreting Cal. Civ. Code § 51(f), which provides "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section").

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim.  Therefore, and because there are no policy considerations which preclude the entry of default judgment on this claim, Eitel, 782 F.2d at 1471-72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a).  Plaintiff is seeking a damages award in the amount of $8,000 for violation of the Unruh Civil Rights Act based on two visits to the defendant's business location. Compl. ¶ 4.  The court will recommend that plaintiff be awarded those statutory damages.

5

Plaintiff does not seek attorney fees or litigation costs.

Based on the foregoing, IT IS HEREBY ORDERED that the July 24, 2013 hearing on plaintiff's motion for default judgment is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment on plaintiff's ADA claim and Unruh Civil Rights Act claim be granted;

2. Plaintiff be awarded statutory damages in the amount of $8,000.00; and

3. Plaintiff be granted an injunction requiring defendant Montijo to provide the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, an accessible entrance landing, an accessible entrance, accessible restrooms, and an accessible cashier / service counter in accordance with the ADA and the ADAAG.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 10, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;john2057.mdj